George E. DECKER and Effie J. Decker

v.

The UNITED STATES.

No. 142–75.

United States Court of Claims.

March 17, 1976.

Paul P. Lipton, Milwaukee, Wis., atty. of record, for plaintiffs. Richard A. Petrie, Milwaukee, Wis., of counsel.

James L. Malone III, Washington, D.C., with whom was Asst. Atty. Gen. Scott P. Crampton, Washington, D.C., for defendant. Theodore D. Peyser, Jr. and Robert S. Watkins, Washington, D.C., of counsel.

Before COWEN, Chief Judge, KUNZIG and BENNETT, Judges.

### PER CURIAM:

This case requires us to determine the point at which interest begins to accrue on civil fraud penalties assessed pursuant to the jeopardy assessment provisions of the Internal Revenue Code. The relevant facts are not in dispute. On May 19, 1972, the Internal Revenue Service (IRS), pursuant to Section 6861(a) of the Internal Revenue Code of 1954,[1] made jeopardy assessments against plaintiffs, George and Effie Decker, for deficiencies in income tax, including a 50% addition to the tax for fraud,[2] for the tax years 1962, 1963, and 1964.[3] A statutory notice of deficiency, required by Section

---

1. Section 6861(a) provides for the immediate assessment of a deficiency as defined in Section 6211, whenever the assessment or collection of the deficiency would be jeopardized by delay. Int.Rev.Code of 1954, § 6861(a). By allowing for the immediate assessment of an asserted deficiency, Section 6861(a) provides an exception to the general rule barring any assessment until the taxpayer has received a notice of deficiency and has been given an opportunity to seek a redetermination of his tax liability in the Tax Court. *Laing v. United States*, 423 U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416, 44 U.S.L.W. 4035 & n. 14 (1976); *see* Int.Rev.Code of 1954, §§ 6211–16 (procedural

rules that govern when collection is not in jeopardy).

2. Section 6653(b) provides that if any part of an underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. Int. Rev. Code of 1954, § 6653 (b).

3. Concurrent notice and demand for payment of the amounts assessed was transmitted to plaintiffs, as required by Section 6861(a). Int. Rev.Code of 1954, § 6861(a); *see* Treas.Reg. § 301, 6861–1(d).

6861(b),[4] was mailed to plaintiffs, who then filed a timely petition with the United States Tax Court requesting a redetermination of the deficiencies set forth in the notice.

On May 13, 1974, pursuant to a stipulated settlement, the Tax Court entered its decision. In advance of that decision, but in accordance with the stipulated settlement, plaintiffs paid $45,912.55 to the IRS in satisfaction of the asserted deficiencies. On January 10, 1975, plaintiffs filed refund claims for the years in question on the ground that approximately $1460.00 of interest had been erroneously assessed on the 50% addition to tax from May 19, 1972, the date of the jeopardy assessments, to May 2, 1974, the date of plaintiffs' advance payment.[5] Upon receiving notice that their claims for refund had been disallowed, plaintiffs instituted this suit. The case is now before the court on defendant's motion for summary judgment and plaintiffs' opposition thereto. The narrow question we must decide is when interest begins to accrue on a 50% addition to tax that is assessed by reason of jeopardy in advance of the date that it would otherwise be due.

Both parties agree that if the IRS had refrained from making jeopardy assessments, it could not have demanded payment of the 50% addition to tax until there was a final decision by the Tax Court, and that interest would not have been assessed on the 50% addition if payment was made within 10 days of demand.[6] Defendant, however, contends that a different result should be reached where, as in this case, after notice and demand for payment is issued pursuant to a jeopardy assessment, the taxpayer fails to make payment within 10 days. Under such circumstances, defendant argues that the IRS can properly assess interest on the addition to tax from the date of notice and demand to the date of payment.[7]

Plaintiffs, on the other hand, argue that the jeopardy assessments and the concurrent notice and demand for payment thereof must be disregarded in determining plaintiffs' liability for interest on the 50% addition to tax, and that this result is dictated by Section 6601(c)(3). Int.Rev.Code of 1954, § 6601(c)(3) (redesignated as § 6601(b)(3), effective July 1, 1975). For the reasons set forth below, the court concludes that plaintiffs' basic contention is correct, and that defendant's motion for summary judgment should be denied.

The general rule for determining the period for which interest shall accrue on any tax obligation is set forth at Section 6601(a), which provides that interest on any unpaid tax is to be assessed from the last

---

4. Int.Rev.Code of 1954, § 6861(b). Jeopardy assessments may be made without prior notice to the taxpayer that his tax returns are being audited, and are frequently made before the taxpayer is sent a statutory notice of deficiency. Note, *Jeopardy Assessment: The Sovereign's Stranglehold,* 55 Geo.L.J. 701, 703 (1967). Section 6861(b), however, provides that where a prior deficiency notice has not been sent, the IRS must send such notice within 60 days after making the jeopardy assessment. Int.Rev. Code of 1954, § 6861(b). The issuance of a deficiency notice is a jurisdictional prerequisite to litigation in the Tax Court. *Id.* § 6213(a).

5. Plaintiffs did not dispute the determination of the amount by which plaintiffs fraudulently underpaid their taxes for 1962 through 1964 or the amount of interest assessed and collected on that underpayment.

6. *Reply Brief of the United States in Support of Its Motion for Summary Judgment,* at 6 n. 3; *Plaintiffs' Opposition to Defendant's Motion for Summary Judgment,* at 7–8; *see* Int.Rev.Code of 1954, § 6213(a). The decision of the Tax Court becomes final upon the expiration of the time allowed for filing notice of appeal. Int. Rev.Code of 1954, § 7481(a)(1). If appeal is taken, special rules must be applied to determine when the decision becomes final. *See Id.* §§ 7481(a)(2)–(4).

7. Int.Rev.Code of 1954, § 6601(f)(3) (redesignated as § 6601(e)(3), effective July 1, 1975); Treas.Reg. § 301.6601–1(f)(3). Section 6601(f)(3) provides that:

"Interest shall be imposed * * * in respect of any assessable penalty, additional amount, or addition to the tax only if such assessable penalty, additional amount, or addition to the tax is not paid within 10 days from the date of notice and demand therefor, and in such case interest shall be imposed only for the period from the date of the notice and demand to the date of payment."

date prescribed for payment of the tax to the date that payment is received. Int.Rev. Code of 1954, § 6601(a); *see* Treas.Reg. § 301.6601–1(a)(1). Section 6601(c)(3) in turn provides that:

The last date prescribed for payment shall be determined without regard to any notice and demand for payment issued, by reason of jeopardy (as provided in chapter 70), prior to the last date otherwise prescribed for such payment.

The House and Senate committee reports accompany the enactment of this provision note that it is—

designed to cover those cases where, by reason of jeopardy, payment is demanded before the due date otherwise prescribed. In such cases, interest will not begin to run prior to the date otherwise prescribed, since the jeopardy procedure is merely designed to obtain advance payment of the tax.

H.Rep.No.1337, 83d Cong., 2d Sess., at A417–18 (1954); S.Rep.No.1622, 83d Cong., 2d Sess. 589, U.S.Code Cong. & Admin. News, p. 4565 (1954).

Defendant maintains that a close reading of this excerpt from the committee reports reveals that Section 6601(c)(3) was intended to "apply only in a situation where a jeopardy assessment for any given year is made prior to April 15—which, of course, is the last date otherwise prescribed for payment of any tax required to be shown on the return." *Reply Brief for the United States in Support of Its Motion for Summary Judgment,* at 3. Accordingly, defendant would have us hold that this case is not governed by Section 6601(c)(3) since the jeopardy assessments involved herein were made after the last dates prescribed for payment of plaintiffs' income taxes, i.e., April 15 of 1963, 1964, and 1965.

■ The court, however, is unable to subscribe to such a narrow interpretation of the remedial effect of Section 6601(c)(3). The better view, in our opinion, is that Congress intended by enacting Section 6601(c)(3) to prevent interest from accruing by virtue of the IRS' use of the jeopardy assessment provisions where such interest would not have accrued had the IRS not invoked those provisions. The committee reports specifically state that "the jeopardy procedure is *merely designed to obtain advance payment of the tax.*" H.Rep.No. 1337, 83d Cong., 2d Sess., at A417–18 (1954); S.Rep.No.1622, 83d Cong., 2d Sess. 589 (1954), U.S.Code Cong. & Admin.News, p. 4565. Under defendant's view, the IRS, by invoking the jeopardy assessment provisions, not only would obtain advance payment of the additions to tax, but would also recover interest on the additions to which it would not otherwise be entitled. Such a result would clearly conflict with the views expressed by Congress in enacting Section 6601(c)(3).

■ If jeopardy assessments had not been made in this case, it is undisputed that payment of the 50% addition to plaintiffs' income tax liability could not have been demanded until after a final decision by the Tax Court on plaintiffs' petition. See note 6 *supra.* Accordingly, we find that it is this latter date, i.e., the date that the addition to tax would have been due in the absence of the jeopardy assessments, that is the last date otherwise prescribed for payment of the 50% addition to plaintiffs' tax.[8] Since the notice and demand issued to plaintiffs pursuant to the jeopardy assessments preceded the last date otherwise prescribed for payment of the 50% addition to tax, Section 6601(c)(3) bars the IRS from assessing and

---

8. *See* Int.Rev.Code of 1954, § 6155; Treas.Reg. § 301.6155–1. Section 6155 provides that:

"Upon receipt of notice and demand from the Secretary or his delegate, there shall be paid at the place and time stated in such notice the amount of any tax (including any interest, addi-

tional amounts, additions to tax, and assessable penalties) stated in such notice and demand."

If the taxpayer pays the amount due within 10 days after notice and demand, no interest is assessed. Int.Rev.Code of 1954, § 6601(f)(4)

collecting interest on the addition to tax.[9] To hold otherwise would, in effect, penalize plaintiffs for having exercised their statutory right to seek a redetermination in the Tax Court of their deficiency.

For the foregoing reasons, it is ordered that defendant's motion for summary judgment is denied. Since plaintiffs have not filed a motion for summary judgment, the case is remanded to the trial judge for trial or other disposition in accordance with this opinion.

(redesignated as § 6601(e)(4), effective July 1, 1975).

**9.** Relying on Section 6601(c)(4), defendant suggests that even if Section 6601(c)(3) is deemed applicable, we nevertheless should conclude that the last date prescribed for payment of a 50% addition to tax is the date of notice and demand, regardless of whether it was issued pursuant to a jeopardy assessment. Int.Rev. Code of 1954, § 6601(c)(4) (redesignated as § 6601(b)(4), effective July 1, 1975). Section 6601(c)(4), however, only applies where "the last date of payment is not otherwise prescribed." *Id.* In this case, as indicated above, the last date otherwise prescribed is the date the 50% addition to tax would have been payable in the absence of the jeopardy assessments or, in other words, the date set by Section 6155. Thus, since the last date is otherwise prescribed, Section 6601(c)(4) is inapplicable. *See Motor Fuel Carriers, Inc. v. United States,* 190 Ct.Cl. 385, 395 & n. 11, 420 F.2d 702, 708 & n. 11 (1970).